IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LOIS CHRISTIAN,                              )
                                             )
        Plaintiff,                           )
                                             )
    -vs-                                     )     Civil Action No. 15-861
                                             )
CAROLYN W. COLVIN,                           )
COMMISSIONER OF SOCIAL SECURITY,             )
                                             )
        Defendant.                           )

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

Plaintiff Lois Christian ("Christian") acted as the representative payee for the claimant, her grandson, while he received supplemental security income based upon his disability as a child. (R. 11) She currently appeals an ALJ's denial of a requested waiver of overpayment in the amount of $10,254.00 paid during the pendency of her grandson's redetermination of his disability under adult rules after turning 18. (R. 11) Christian has filed a Motion for Summary Judgment and he Defendant Commissioner of Social Security has filed a Cross Motion for Summary Judgment (*ECF Docket Nos.* [11, 12]). After careful consideration, the ALJ's decision is remanded for further consideration.

    I.      STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*,

1

786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

## II.  THE ALJ'S ANALYSIS

### A.  Legal Framework for Overpayment of Disability Benefits

The Social Security Act and its corresponding regulations provide for the adjustment and recovery of any overpaid benefits. *See* 42 U.S.C. § 1383(b)(1); 20 C.F.R. § 416.535, § 416.560 and § 416.570. A waiver of a recovery for overpayment of benefits may be granted when: (a) the overpaid individual *was without fault* in connection with overpayment, and (b) recovery of such overpayment would either defeat the purpose of Title XVI or be against equity and good conscience or impede efficient or effective administration of Title XVI due to the small amount involved. *See* 20 C.F.R. § 416.550 (emphasis added). *See also* 42 U.S.C. § 1383(b)(1)(B). If the first prong is not satisfied – that is if the person from whom the Social Security Administration is seeking recovery of overpaid benefits cannot prove that she was "without fault" – then the Court need not consider the factors relevant to the second prong. These provisions apply to representative payees as well. *Cannuni on Behalf of Cannuni v. Schweiker*, 740 F.2d 260, 263

2

(3d Cir. 1984), *citing, Evelyn v. Schweiker*, 685 F.2d 351, 352-53 (9th Cir. 1982) and *Abrams v. Schweiker*, 543 F. Supp. 589, 592 (N.D. Ga. 1982) (representative payee liable under 42 U.S.C. § 404(a)).

One is not "without fault" simply because the Social Security Administration may have been at fault in making the overpayment. *See* 20 C.F.R. § 416.552. In determining whether an individual is without fault:

> The fault of the overpaid person and the fault of the individual seeking relief under the waiver provision are considered. Whether an individual is without fault depends on all the pertinent circumstances surrounding the overpayment in the particular case. The Social Security Administration considers the individual's understanding of the reporting requirements, the agreement to report events affecting payments, knowledge of the occurrence of events that should have been reported, efforts to comply with the reporting requirements, opportunities to comply with the reporting requirements, understanding of the obligation to return checks which were not due, and ability to comply with the reporting requirements (e.g., age, comprehension, memory, physical and mental condition). In determining whether an individual is without fault based on a consideration of these factors, the Social Security Administration will take into account any physical, mental, educational, or linguistic limitations… the individual may have. Although the finding depends on all the circumstances in the particular case**, an individual will be found to have been at fault in connection with an overpayment when an incorrect payment resulted from one of the following: (a) Failure to furnish information which the individual knew or should have known was material; (b) An incorrect statement made by the individual which he knew or should have known was incorrect (this includes the individual's furnishing his opinion or conclusion when he was asked for facts), or (c) The individual did not return a payment which he knew or could have been expected to know was incorrect.**

20 C.F.R. § 416.552 (emphasis added).

If the claimant is found to be without fault, then the ALJ will consider whether recovery would defeat the purpose of the supplemental security income program; whether recovery would be against equity or good conscience; or whether recovery would impede the efficient or effective administration of Title XVI due to the small amount involved. Recovery of an overpayment would defeat the purpose of the SSI program "if the individual's income and resources are needed for ordinary and necessary living expenses." 20 C.F.R. § 416.553(a). Recovery would run counter to equity or good conscience "if an individual changed his or her position for the worse or relinquished a valuable right because of reliance upon a notice that

payment would be made or because of the incorrect payment itself." 20 C.F.R. § 416.554. Finally, overpayment will be waived due to the "small amount" involved, which is measured by the "current average administrative cost of handling such overpayment case through such adjustment or recovery processes" 20 C.F.R. § 416.555.

      B.      Does Substantial Evidence Support the ALJ's Decision?

The ALJ concluded that the claimant was overpaid within the meaning of the Act; that neither Christian nor the claimant was without fault as defined in the regulations, and that Christian and the claimant are jointly and severally liable for repayment of the $10,254.00. (R. 12) With respect to the finding of "fault," the ALJ found:

> [t]he entire overpayment accrued when the claimant and his representative payee elected to receive continued payments pending appeal, after the Social Security Administration determined that he did not satisfy its definition of disability in adults. It is worth nothing that the claimant did not cooperate with the redetermination process and did not appear for a hearing on the disability issue. As the Social Security Administration noted in its letter of August 15, 2012, "You had requested benefit continuation election (sic) while the hearing was pending. The form you signed stated that if you lose your appeal, you will be asked to pay this money back if the appeal is not decided in your favor." (Exhibit 5). Hence neither the claimant nor his representative payee can reasonably argue that they were unaware that an overpayment was taking place.

(R. 14) It is not clear from this statement on precisely what basis the ALJ found Christian (and /or the claimant) to be "at fault."

As stated above, a finding of "fault" arises where there is a failure to furnish material information; where incorrect information was given which the claimant knew or should have known was incorrect; or where there is a failure to return a payment which the claimant knew or could have been expected to know was incorrect. 20 C.F.R. § 416.552 There is no indication that the ALJ found Christian or the claimant to have failed to furnish material information, or to have provided incorrect information.[1] Nor did the ALJ find that Christian or the claimant

---

[1] The ALJ does make a comment that Christian should have notified the Social Security Administration that the claimant's address and living arrangements changed. (R. 14) Yet the ALJ also notes that the "issue of the payee's performance of her duties is not squarely before me." (R. 14) Thus, it does not appear that the ALJ found that either Christian or the claimant failed to furnish material information.

4

accepted payments that they knew or could have been expected to know were "incorrect."[2] Certainly the record indicates, and the ALJ's findings confirm, that Christian and the claimant knew that payments were being made during the claimant's redetermination process. Ultimately, the ALJ dismissed the claimant's request for a hearing regarding the determination of disability because of a failure to appear. (R. 20-21)[3] Yet there is no finding that the acceptance of payments during the recertification process constituted knowing that such payments were "incorrect."

Given the lack of clarity and the unique circumstances of this case, this action must be remanded to the ALJ for further consideration. Upon remand, the ALJ should make specific findings of "fault" regarding the claimant and Christian. There should be delineation as to the precise conduct engaged in by the claimant as well as that engaged in by Christian, and how such action fits within the rubric for finding "fault" as set forth in 20 C.F.R. §416.552.

---

[2] I am confused by the fact that Christian was required to continue acting as a "representative payee" after the claimant turned 18, particularly where the claimant has not been adjudicated "incompetent." (R. 15) Why was she required to sign documentation obligating her to repay any overpayments that the claimant may have received during the redetermination of his eligibility as an adult? The certified record does not include the paperwork which Christian signed, obligating her to repay. Yet it appears that the claimant was at least 20 years old during the recertification process. (R. 16) As the ALJ himself noted, there is no indication that Christian "derived any financial benefit from serving as … payee [and that] there is thus no culpable misuse of funds by this payee." (R. 14)

[3] The ALJ had rejected Christian's requests for postponement of the hearing.

5

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOIS CHRISTIAN, )<br>)<br>    Plaintiff, )<br>)<br> -vs- )<br>)<br>CAROLYN W. COLVIN, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>    Defendant. ) | Civil Action No. 15-861 |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

THEREFORE, this 3rd day of March, 2016, it is ordered that judgment be entered in favor of Plaintiff and against Defendant. It is further Ordered that this action be remanded for further consideration as more fully set forth in the accompanying Opinion.

The Clerk of Courts is directed to mark this case "Closed" forthwith.

                                                        BY THE COURT:

                                                      s/ Donetta W. Ambrose
                                                        Donetta W. Ambrose
                                                         United States Senior District Judge